# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6849 | **DATE** | 11/09/01 |
| **CASE TITLE** | Fedor v. Cingular Wireless | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's Motion to Remand (#7-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's Motion to Remand (#7-1) is DENIED.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | NOV 16 2001 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 12 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 01 NOV 15 PM 1:13 | date mailed notice | |
| JHC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES J. FEDOR, JR. and on behalf of others similarly situated Plaintiff, | )<br>)<br>)<br>) |
| v. | ) CASE NO. 01 C 6849<br>)<br>) JUDGE WILLIAM J. HIBBLER |
| CINGULAR WIRELESS CORPORATION Defendant. | )<br>) |

DOCKETED NOV 16 2001

## MEMORANDUM AND ORDER

The Court has before it Plaintiff's Motion to Remand its complaint claiming a breach of contract and fraud. The Court has examined the submissions by both parties and finds Plaintiff's complaint is a challenge to rates charged by Defendant, a nationwide cellular telephone company and, therefore, is governed by federal law. Federal jurisdiction is proper and the case will remain in the U.S. District Court for further proceedings.

### Background

Plaintiff James J. Fedor, Jr. ("Fedor") was a Cingular Wireless customer. He contracted with Defendant Cingular Wireless Corporation ("Cingluar") for a cellular telephone service plan that provided a fixed rate for a certain number of airtime minutes each month. Any minutes used in excess of the plan would be charged to Fedor's account accordingly.

In July 2001, Fedor filed a complaint against Cingular in state court. The complaint stated Cingular was not billing roaming

1



calls properly and accused the company of accumulating, holding, and charging calls to later billing periods. Fedor claims this practice enabled Cingular to charge customers for airtime which should "not have been incurred based on the service package plans purchased by said customers and under which said calls and the time and related charges thereto would have been without extra charge." (Pl. Compl. at ¶6.)

Fedor alleges he was charged from January through April of 2001 for calls which should have been billed during the month in which they were made, but which were shifted to subsequent months because of Cingular's billing practices. He maintains this shifting resulted in Cingular collecting monies for calls Cingular would normally not be entitled to if the calls were billed in a timelier manner. Fedor's state court complaint pleaded both individual and class action claims for a breach of contract, breach of the covenant of good faith and fair dealing, consumer fraud, and unjust enrichment.

Cingular removed the state court claim to federal court pursuant to 28 U.S.C. § 1441 (b), which permits removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Cingular asserts Fedor's claims are a challenge to rates charged by the company and/or it's ability to enter into a nationwide cellular

telecommunications service market. Thus, Cingular argues Fedor's complaint is governed by the Federal Communication Act (FCA) and is completely preempted from state regulation or adjudication. Cingular is correct and Fedor's motion to remand is hereby denied.

### Analysis

Fedor maintains he has presented a contract and consumer fraud claim that does not challenge the rates Cingular may charge or its entry and/or access within the cellular telephone industry. He contends his complaint raises the issue of "contract violative accounting practices" and not the reasonableness or appropriateness of the rates themselves, and thus it is not preempted by federal law and not removable to this federal district court. Specifically, Fedor argues he should not have to pay roaming charges because he did not agree to pay them unless they were accurately recorded and billed within the appropriate billing cycle.

The Court finds Fedor's complaint is indeed a challenge to Defendant's roaming charges and the service plans Cingular offers. Plaintiff is merely attempting to use state law as a cloak for his attack on Cingular's rates. Cases that involve the "entry of or the rates charged by any commercial service or any private mobile service are the province of federal regulators and courts." Federal Communications Act, 47 U.S.C. § 332(c)(3)(A) (1934); *see also Bastien v. AT&T Wireless Serv., Inc.*, 205 F.3d 983, 987 (7th

Cir. 2000) and *Gilmore v. Southwestern Bell Mobile Sys., Inc.*, 156 F.Supp.2d 916, 920-24 (N.D. Ill. Aug. 10, 2001).

In *Gilmore,* the court found plaintiff's claim, i.e. that plaintiff should not have been required to pay a fee because he did not agree to the fee, is a challenge of the fee and , therefore, is preempted by federal law. The court held the FCA preempts the state and local rate regulation of cellular telephone services. In finding for preemption, the court recognized the Seventh Circuit's focus on " whether the appropriateness of the amount charged is necessary to resolving the claim, as well as the recognition that complaints about quality of service generally constitute complaints about the rates charged for the services" and whether or not the claim raised the question of whether the fee was unjust. *Gilmore* , 156 F.Supp.2d at 923; *see also AT&T v. Central Office Telephone*, 524 U.S. 214, 223 (1998); *Bastien*, 205 F.2d at 987-88.

Here, Fedor, like the plaintiff in *Gilmore*, challenges the appropriateness of Cingular's fees. In order to resolve the claim, the trier of fact will be required to focus on the appropriateness of the amount Fedor was charged from January thru April 2001 and determine whether the fee charged is unjust. As stated above, in cases where a plaintiff raises this issue, the claim will fall within the federal jurisdiction of the FCA.

Further, the well-pleaded complaint rule holds a plaintiff, such as Fedor, is the master of his own complaint and may seek to

4

avoid federal jurisdiction by pleading only state law claims. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983); *Bastien,* 205 F.3d at 987.

However, the artful pleading doctrine is a corollary to this rule and states when the Court may fairly read a complaint as presenting a federal question, the defendant may remove the case to federal court. *Bastien*, 205 F.3d at 988; *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). In *Burda,* the Seventh Circuit held a plaintiff may "not frame his action under state law and omit federal questions". *Burda,* 954 F.2d at 958. Therefore, a federal court may look beyond the face of the complaint to determine whether "a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Id.* Where the claim can be viewed as "artful pleading," the Court may conclude the plaintiff's claim arose under federal law and subsequently remove it. *Id.;* see also *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987); *Gen. Elec. Corp.v. Marilyn Shidle*, No. 01 C 1662, 2001 LEXIS 9394, at *10 (N.D. Ill. June 27, 2001).

Here, Fedor's complaint can be fairly read as an attempt to cast a federal question into a state claim. His complaint states Cingular's practice of billing roaming calls to a later billing period resulted in "charges to customers which should not have been incurred based on the service package plans purchased by said customers and under which said calls and the time related to

5

charges thereto would have been without extra charge." (Pl. Compl. at ¶6.) The Court has already stated Fedor is challenging the appropriateness of the roaming fee; thus, the artful pleading doctrine allows for federal preemption.

Further, the Court notes Fedor's complaint fails to offer specific or detailed support to his allegations of breach of contract, consumer fraud, and misrepresentation. In *Bastien*, where the plaintiff also did not offer concrete details in its complaint, the Seventh Circuit found broad allegations of misconduct are insufficient to "earn the plaintiff the protection of the well-pleaded complaint rule." *Bastien*, 205 F.3d at 990. Accordingly, the Court will not depart from *Bastien* on this matter.

Finally, the Court must also consider whether Congress has completely preempted a particular area, such that any "civil complaint raising this select group of claims is necessarily federal in character", since Congress may have already acted in such a manner as to bar state interference. *Metro. Life Ins.*, 481 U.S. at 63. Congress has clearly mandated federal preemption in an area such as telecommunications, specifically the cellular telephone industry. The Federal Communications Act states in relevant part: "Any person claiming to be damaged by any common carrier subject to the provisions of this Act may either make complaint to the Commission as hereinafter provided for, or may bring suit...in any district court of the United States of competent

6

jurisdiction…" Federal Communications Act, 47 U.S.C. § 207 (1934)(citation omitted).

Cingular is a "common carrier" which provides mobile telephone service. See 47 U.S.C. § 153(10). Further, Congress specifically provided for state preemption by mandating "no state or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating the other terms and conditions of commercial mobile services." 47 U.S.C. ¶332(c)(3)(a). This section expressly provides that any claims challenging telecommunications rates are subject only to federal jurisdiction. Because Fedor is ultimately challenging Cingular's rates, the Court must find federal jurisdiction is appropriate. To decide otherwise would contravene the FCA. *See Id.*

Congress has already spoken on the appropriateness of federal jurisdiction in these matters and the Court is not in a position to question it. Congress has granted exclusive authority to either a Commission or the district courts to hear cases such as the present matter. Indeed, the Supremacy Clause prohibits the Court from acting contrary to federal law. *See Arkansas Louisiana Gas Co. v. Hall,* 453 U.S. 571 (1981) (holding that a filed rate doctrine forbade a state court from calculating damages in a breach of contract action); *Chicago & North Western Transp. Co. v. Kalo*

*Brick & Tile Co.*, 450 U.S. 311 (1981) (state law could not be used to impose requirements on railroad carriers after Congress had already enacted the Interstate Commerce Act in order to establish uniformity in that area of the law); and *Mo. Pacific R.R. Co. v. Stroud*, 267 U.S. 404 (1925) (holding that there cannot be divided authority over interstate commerce and that the acts of Congress on the subject are supreme and exclusive).

## Fees and Costs

Since Defendant has presented a "substantial jurisdictional question" regarding federal preemption, the Court declines to exercise its discretion to impose fees and expenses on Defendant. *See Castellanos v. U.S. Long Distance Corp.*, 928 F.Supp. 753, 757 (N.D. Ill. 1996) and *Turner v. Bell Fed. Sav. & Loan Ass'n*, 490 F. Supp. 104, 105 (N.D. Ill. 1980). Defendant made its claim of federal preemption with good faith, asserted on a sound basis, and it does not appear frivolous. Further, Defendant has prevailed on the above motion, so the Court finds awarding Plaintiff costs would be inappropriate.

## CONCLUSION

For the above reasons, Plaintiff's motion to remand is DENIED. Each party is responsible for its own costs incurred in bringing forward and answering this motion.

**IT IS SO ORDERED.**
DATED: November 9, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE