# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6849 | **DATE** | 08/09/2002 |
| **CASE TITLE** | Fedor. v. Cingular Wireless Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss (#4-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the attached reasons, the Court GRANTS Defendant's Motion to Dismiss Counts I and III of Plaintiff's Complaint, and dismisses Counts I and III without prejudice. Plaintiff should seek the determination of the Federal Communications Commission with respect to the issues identified in these counts. The Court GRANTS Defendant's Motion to Dismiss Counts II and IV of Plaintiff's Complaint, and dismisses these counts with prejudice. All pending motions and dates are terminated as moot. Enter Memorandum Opinion and Order.

(11) [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 1 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JHC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES J. FEDOR, JR. and )
   on behalf of others )
   similarly situated )
   Plaintiffs, )
                                       ) NO. 01 C 6849
v. )
                                       ) JUDGE WILLIAM J. HIBBLER
CINGULAR WIRELESS CORPORATION )
   Defendant. )

**MEMORANDUM OPINION AND ORDER**

The Court has before it Defendant's Motion to Dismiss Plaintiff's Complaint for breach of contract, breach of the covenant of good faith and fair dealing, fraud, and unjust enrichment. In the interest of federalism, see *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir. 1986), the Court previously held determination of this motion in abeyance pending disposition of Plaintiff's Motion to Remand the case to state court. The Court denied Plaintiff's Motion to Remand, finding Plaintiff's complaint a challenge to the appropriateness of Defendant's rates, thereby preempted by the Federal Communications Act. *Fedor v. Cingular Wireless Corp.*, No. 01 C 6849 (N.D. Ill. Nov. 9, 2001) (Motion to Remand)("*Fedor I*"). The Court has now considered the submissions of both parties relating to this motion. The Court **GRANTS** Defendant's Motion to Dismiss Counts I and III of Plaintiff's Complaint, and dismisses Counts I and III without prejudice.

1



Plaintiff should seek the determination of the Federal Communications Commission with respect to the issues identified below. The Court **GRANTS** Defendant's Motion to Dismiss Counts II and IV of Plaintiff's Complaint, and dismisses these counts with prejudice for the reasons described below.

## Background

*I. Factual History*

Plaintiff James J. Fedor, Jr. ("Fedor") contracted with Defendant Cingular Wireless ("Cingular") for a cellular telephone service plan. This plan provided a fixed rate for a certain amount of airtime minute usage each month. Minutes used in excess of this plan allowance were to be charged to Fedor's account.[1]

In July 2001, Fedor filed a complaint against Cingular in state court. The Complaint alleged Cingular improperly billed Fedor by accumulating, holding, and charging roaming calls to later billing periods. Fedor claims this practice enabled Cingular to assess charges which should "not have been incurred based on the service package plans purchased by said customers and under which

---
[1] It is not clear whether any roaming minutes were to be included within the fixed rate allowance, or if these minutes were to trigger an extra charge regardless of the total number of minutes used within a given billing period. For the purposes of the present analysis, this is not directly relevant; however, the structure of the roaming charges will be relevant in the determination of any damages incurred by Fedor, if applicable. If, for instance, a fixed roaming charge applied regardless of total minutes incurred, the result of the billing lag would be a mere timing difference reconciled between billing periods. On the other hand, if roaming minutes were fully or partially included in total minutes and charged only when total minutes used exceeded the fixed allowance, then Fedor could incur permanent additional charges as a result of the billing lag.

said calls and the time and related charges thereto would have been [sic] without extra charge." (Compl. ¶ 6.)

Fedor alleges he was charged from January through April of 2001 for calls which should have been billed during the month in which they were made, but instead were shifted to subsequent months due to Cingular's billing practice. He maintains this practice resulted in Cingular billing monies it would not normally be entitled to if the airtime minutes were accounted for and billed in a timely manner. This complaint pleaded both individual and class action claims for breach of contract, breach of the covenant of good faith and fair dealing, consumer fraud, and unjust enrichment.

## II. Procedural History

Cingular removed the state court claim to federal court pursuant to U.S.C. § 1441(b). Fedor moved to remand the claim back to state court and maintained he presented only a state law claim based on alleged "contract violative accounting principles" (Pl's Mot. to Remand ¶ 6.). This Court denied Fedor's Motion to Remand and subsequent Motion for Reconsideration after determining Fedor's Complaint was a challenge to the reasonableness of Cingular's rates. *Fedor I*. Such a challenge is completely preempted by the Federal Communications Act, 47 U.S.C. § 332 (c)(3)(A) (2002) ("the FCA"). The Court held Fedor's Complaint was a mere attempt to use state law as a cloak for an attack on

3

Cingular's rates, and those cases involving the "entry of or the rates charged by any commercial service or any private mobile service are the province of federal regulators and courts." *Id*; *see also Bastien v. AT&T Wireless Serv., Inc.*, 205 F.3d 983, 987 (7th Cir. 2000) and *Gilmore v. Southwestern Bell Mobile Sys., Inc.*, 156 F.Supp.2d 916, 920-24 (N.D. Ill. 2001) ("Gilmore I").

The Court now considers Cingular's Motion to Dismiss. Cingular asks the Court to dismiss Fedor's Complaint for lack of subject matter jurisdiction, or, in the alternative, to dismiss Fedor's claims because they are within the primary jurisdiction of the Federal Communications Commission. Cingular further moves to dismiss all counts for failure to state a claim upon which relief can be granted. Because Counts I and III are within the primary jurisdiction of the FCC, these counts are dismissed without prejudice and should be brought before the FCC for resolution. In addition, because this contractual relationship provides no context within which the covenant of good faith and fair dealing or the doctrine of unjust enrichment are applicable, Counts II and IV are dismissed with prejudice.

**Analysis**

*I. Breach of Contract*

Under 47 U.S.C. § 207, any person claiming to be damaged by a common carrier (such as a cellular/wireless phone company) may

4

bring a complaint before the FCC or sue for damages in a federal district court, but not both. 47 U.S.C. § 207 (2002); *Gilmore v. Southwestern Bell Mobile Sys., L.L.C.*, No. 01 C 2900, 2001 WL 1539157, at *6 (N.D. Ill. Nov. 30, 2001) ("Gilmore II"); see *Cahnmann v. Sprint Corp.*, 133 F.3d 484, 487 (7th Cir. 1998), cert. denied 524 U.S. 952 (1998); *Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2nd Cir. 2001). However, even when the plaintiff prefers judicial disposition, the court may still apply the primary jurisdiction doctrine to require the parties to obtain an FCC determination of issues within the Commission's special competence. *Gilmore II*, 2001 WL 1539157, at *6; *Allnet Communication Serv., Inc., v. Nat'l Exch. Carrier Ass'n, Inc.*, 965 F.2d 1118, 1122 (D.C. Cir. 1992); *Miranda v. Mich.*, 141 F.Supp.2d 747, 760 (E.D. Mich. 2001); *Telecom Int'l America, Ltd. v. AT&T Co.*, 67 F.Supp.2d 189, 219 (S.D.N.Y. 1999); *Unimat, Inc. v. MCI Telecomm. Corp.*, No. 92 C 5941, 1992 WL 391421, at *2-3 (E.D. Pa. Dec. 16, 1992); see also *Cahnmann*, 133 F.3d at 487; *Access Telecomm. v. Southwestern Bell Tel. Co.*, 137 F.3d 605, 607-609 (8th Cir. 1998), cert. denied, 525 U.S. 962 (1998); *Richman Bros. Records, Inc. v. U.S. Sprint Communications Co.*, 953 F.2d 1431, 1435 (3rd Cir. 1991), cert. denied 505 U.S. 1230 (1992).

The primary jurisdiction doctrine in the present context is not jurisdictional in nature, but a form of judicial abstention,

5

allowing the Court to "refer a matter extending beyond the 'conventional experience of judges' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight." *Gilmore II*, 2001 WL 1539157, at *6 (quoting *Arsberry v. Illinois*, 244 F.3d 558, 563 (7th Cir. 2001) (quoting *Nat'l Communications Ass'n v. AT&T Co.*, 46 F.3d 220, 222-23 (2nd Cir. 1995) (quoting *Far Eastern Conference v. United States*, 342 U.S. 570, 574 (1952)))). A court has discretion to "either retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice." *Lee v. Contel Cellular of the South, Inc.*, No. CV-95-1057-JH, 1996 U.S. Dist. LEXIS 19636, at *15 (S.D. Ala. Nov. 21, 1996) (quoting *Reiter v. Cooper*, 507 U.S. 258, 268 (1993)).

In determining whether to apply the primary jurisdiction doctrine, courts consider a number of factors, including: (a) whether the issue is within the conventional experience of the judiciary; (b) the presence of technical or policy issues within the agency's particular field of expertise; (c) whether the agency's discretion would be involved in making a determination on the issue; (d) the need for a consistent and uniform rule; (e) the likelihood of inconsistent rulings if the issue is not referred to the agency; (f) whether the issue has already been before the agency; (g) whether it would be judicially economical to refer the

6

issue for agency resolution; and (h) whether agency referral will result in substantial delay and added expense. *Gilmore II,* 2001 WL 1539157, at *6; *see Ryan v. Chemlawn Corp.,* 935 F.2d 129, 131 (7th Cir. 1991); *Nat'l Communications Ass'n,* 46 F.3d at 222-23; *Access Telecomm.,* 137 F.3d at 608; *Sprint Spectrum L.P. v. AT&T Co.,* 168 F. Supp. 2d 1095, 1097 (W.D. Mo. 2001); *Madison County Mass Transit v. Hanfelder,* No. 00-CV-0179-DRH, 2001 WL 775977, at *2 (S.D. Ill. Feb. 7, 2001); *AT&T Corp. v. Ameritech Corp.,* No. 98 C 2993, 1998 WL 325242, at *4, *5 (N.D. Ill. June 10, 1998); *MCI Telecomm. Corp. v. Ameri-Tel, Inc.,* 852 F. Supp. 659, 663 (N.D. Ill. 1994). Courts do not rely on any fixed formula in the consideration of these factors, but should instead determine "whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Gilmore II,* 2001 WL 1539157, at *6 (quoting *United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 64 (1956)).

Fedor's breach of contract claim involves issues that should be resolved through the primary jurisdiction of the FCC. Questions regarding the reasonableness of rates "are generally within the particular expertise of the FCC and the regulation of such involves exercising agency discretion." *Gilmore II,* 2001 WL 1539157, at *7. If a plaintiff's claim for breach of contract can be more properly characterized as a challenge to a rate agreement, then the doctrine

of primary jurisdiction should be invoked and the plaintiff should seek FCC resolution. *See Cahnmann*, 133 F.3d at 491. Case law has characterized claims regarding billing for long distance calls that were never completed and the failure to disclose billing practices to customers as those requiring a "reasonableness" determination by the FCC. *In re Long Distance Telecomm. Litig.*, 647 F.Supp. 78 (E.D. Mich. 1986). As has already been resolved, Count I also challenges the reasonableness of Cingular's rates, despite Fedor's characterization to the contrary. *Fedor I*. The artful pleading doctrine allows a court to look beyond the face of the complaint to determine whether "a plaintiff has artfully pleaded his suit so as to couch a federal claim in terms of state law." *Burda v. M. Ecker Co.*, 954 F.2d 434, 438 (7th Cir. 1992). Fedor's claim would require the trier of fact to focus on the appropriateness of the fees charged by Cingular from January through April 2001 and to determine if the fees were unjust. *Fedor I*. Accordingly, Fedor's breach of contract claim challenges the reasonableness of Cingular's rates under the Federal Communications Act. 47 U.S.C. § 201 (b) (2002) ("All charges, practices, classifications, and regulations for and in connection with such communication service, shall be just and reasonable, and any such charge . . . that is unjust or unreasonable is hereby declared to be unlawful.").

Fedor's breach of contract claim also challenges aspects of

8

Cingular's interstate market entry. These issues are within the FCC's expertise, and the need for uniformity and the establishment of national policy requires the exercise of the Commission's discretion. *See Digital Communications Network, Inc. v. AT&T Wireless Servs.*, 63 F.Supp.2d 1194, 1199 (C.D. Cal. 1999) (citations omitted). The FCC summarized its authority under the FCA: "Under [47 U.S.C. § 201(a)] the Commission has the authority, after hearing, to order the establishment of physical connection between common carriers, and to establish through routes and charges applicable thereto and the division of such charges." *Re CPI Microwave, Inc.*, 49 F.C.C.2d 779 (1974); *see also* 47 U.S.C. §§ 201 (a),(b); *re. Medical-Dental Bureau, Inc.*, 22 F.C.C.2d 53 (1970).

Although Fedor characterizes his claim as a mere challenge to accounting practices, the delayed billing process at issue is the result of equipment arrangements that enable Cingular to enter new markets. Cingular explained it does not own towers in all parts of the country. (Def's Opp'n to Mot. to Remand at 10.) It instead enters into agreements with other carriers so Cingular customers can receive cellular service when they are outside of their local calling areas. These arrangements enable Cingular to provide service in markets outside of a given state or local area. Cingular maintains these arrangements cause a delay in processing

billing information, because it must interact with the equipment owners to retrieve all roaming data for its customers. (Def's Opp'n to Mot. to Remand at 6.) By challenging the customer billing process, Fedor challenges the impact of this delay, and therefore the manner by which Cingular enters and operates in new markets. Accordingly, Count I, alleging breach of contract, is dismissed without prejudice, and Fedor should seek a determination by the FCC regarding the above issues.

## II. *Fraud*

In Count III of the Complaint, Fedor alleges, "Defendant misrepresented, concealed and/or omitted to inform Plaintiff . . . regarding Cingular's practice of accumulating and failing to timely bill for calls which result in improper charges." Compl. ¶ 27. This allegation is inextricably intertwined with Fedor's breach of contract allegation. Fedor demands the timely billing of roaming charges under both the breach of contract and fraud counts. When the relief sought by both counts is the same, as was the case in *Cahnmann*, "'fraud' is just another name for 'breach of contract.'" *Cahnmann*, 133 F.3d at 490. Count III therefore mirrors Count I's challenge to the reasonableness of Cingular's rates and its market entry strategy. Accordingly, Count III, alleging fraud, is dismissed without prejudice, and should also be brought before the FCC for resolution.

10

*III. Covenant of Good Faith and Fair Dealing*

In Count II of the Complaint, Fedor alleges Cingular breached the covenant of good faith and fair dealing. Illinois courts infer a duty of good faith and fair dealing in all contracts. *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1443 (7th Cir. 1992) (citations omitted). However, the covenant of good faith and fair dealing is not an independent source of duties for the parties; rather, it exists to guide the construction of explicit terms in an agreement. *Id.* The covenant of good faith and fair dealing does not, therefore, impose additional obligations beyond the bargained-for exchange between the parties. *See Baxter Healthcare Corp. v. O.R. Concepts, Inc.*, 69 F.3d 785, 792 (7th Cir. 1995).

Fedor alleges a breach of an express contract between himself and Cingular. Fedor does not ask the Court to use the duty of good faith and fair dealing to "guide the construction" of the express agreement, but to impose a distinct and separate obligation upon Cingular. The covenant requires a party with broad contractual discretion "to exercise that discretion reasonably and with proper motive, not arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties." *Davis v. McDonald's Corp.*, 44 F.Supp.2d 1251, 1259 (N.D. Fla. 1998) (quoting *Resolution Trust Corp. v. Holtzman*, 618 N.E.2d 418, 424 (Ill. 1993)). Fedor, however, merely alleges Cingular breached the

11

covenant of good faith and fair dealing when it breached the express contract. Accordingly, Count II of Fedor's Complaint is dismissed with prejudice.

*IV. Unjust Enrichment*

Count IV of Fedor's Complaint is a claim for unjust enrichment. Fedor alleges "Cingular has been and is being unjustly enriched by the improper charges for calls which were accumulated, held and billed to later billing periods." This Count does not set forth a proper cause for action. The theory of unjust enrichment applies only in the context of contracts implied in law. *People ex rel. Hartigan v. E&E Hauling, Inc.*, 153 N.E.2d 165, 177 (1992). "Because unjust enrichment is based on an implied contract, 'where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application.'" *Id.* (quoting *La Throp v. Bell Fed. Savs & Loan Ass'n*, 68 Ill. 2d 375, 391 (1977) (quoting *Brooks v. Valley Nat'l Bank*, 113 Ariz. 169, 174 (1976))). Again, Fedor alleges in the present case a breach of an express contract. Therefore, unjust enrichment is not an applicable cause of action, and the Court dismisses Count IV of the Complaint with prejudice.

## Conclusion

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Counts I and III of Plaintiff's Complaint,

alleging breach of contract and fraud, respectively. The Court dismisses Counts I and III without prejudice so that Plaintiff may seek the determination of the Federal Communications Commission with respect to the issues identified above. The Court **GRANTS** Defendant's Motion to Dismiss Count II of Plaintiff's Complaint, alleging breach of the covenant of good faith and fair dealing, and Count IV, claiming unjust enrichment. The Court dismisses Counts II and IV with prejudice.

**IT IS SO ORDERED.**
**Dated:** August 9, 2002

_____
Hon. WILLIAM J. HIBBLER
U.S. DISTRICT COURT JUDGE